UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Bernice Jackson,

                Plaintiff                6:23-cv-00806 (MJK)

v.

Frank Bisignano,
Commissioner of Social Security,

                Defendant.

---

George C. Piemonte, Esq., Attorney for Plaintiff
Fergus Kaiser, Esq., Special Assistant United States Attorney for Defendant

## DECISION AND ORDER

Jackson moves the Court[1] for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. 32). The Commissioner filed a response. (Dkt. 33). By supplemental affirmation dated December 10, 2025, Jackson's counsel attests that Jackson has been notified of the fee motion in accordance with section (F)(2) of G.O. 18. (Dkt. 35). The motion seeks an award of $32,065.75, less the $6,115.56 previously paid

---

[1] The parties consented to the jurisdiction of the Magistrate Judge. (G.O. 18 and Dkt. 5).

to Jackson's attorney under the Equal Access to Justice Act ("EAJA"), for a net total of $25,950.19.

The motion is granted in part and denied in part. The Court awards the sum of $32,065.75 as reasonable attorney's fees but denies the request to "net" the previously paid EAJA fee. Counsel is directed to remit to Jackson the EAJA fee previously received.

I. **DISCUSSION**

Jackson entered into a contingency fee agreement with Martin Jones & Piemonte, Attorneys at Law on April 5, 2023 pursuant to which Jackson agreed to pay in attorneys' fee no more than 25% of all back benefits paid to her arising from the firm's work in court. (Dkt. 32-3). The fee contract acknowledges the attorney's obligation to account for the EAJA fee and provides that the EAJA fee will be netted from the total award.

Attorney Piemonte attests that a total of 24.59 hours of attorney services were devoted to Jackson's case in this Court. The services provided included evaluation the case for appeal to the District Court; assessing the need to develop the medical record; advising Jackson regarding an appeal to the District Court; drafting the Complaint; researching and drafting a brief in the District Court; reviewing the

Government's motion to remand; reviewing the final order and judgment and preparing an application for EAJA fees. (Dkt. 32-1, at 4).

A supplemental administrative record was filed on January 31, 2024. (Dkt. 24). Jackson's brief was filed on March 18, 2024. (Dkt. 25). A stipulation to remand (Dkt. 27) was approved by this Court on April 23, 2024 and judgment was entered in Jackson's favor (Dkts. 28, 29). A stipulation pursuant to the EAJA was filed on July 2, 2024 and approved by the Court on July 3, 2024 (Dkts. 30, 31). On remand, the Commissioner found Jackson disabled and she received a Notice of Award dated October 25, 2025, indicating $128,263 as the total amount of past-due benefits being awarded, and the withholding of $32,065.75 for attorney's fees. (Dkt. 32-2, Exhibit A to motion for fees).

The Court must determine whether the attorney's fees award requested is reasonable. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 798 n.6 (2002). To make this finding, the court considers the factors set forth in *Fields v. Kijakazi,* 24 F.4th 845, 853-56 (2d Cir. 2022). Here, there is no evidence that there was fraud or overreaching in the making of the contingency fee contract, and the contingency fee of 25% is compliant with 42 U.S.C. §406(b)(1)(A). The fully favorable outcome

achieved by the law firm speaks for itself. As the record shows, the firm was not responsible for any undue delay in the prosecution of the appeal as established by the timeline described above. Attorney Piemonte has thirty years of experience in representing Social Security disability claimants and holds a professional certification in the subject matter, along with holding various bar and other association leadership positions focused on Social Security and disability related law. Since 1995, Social Security law related matters represents 90% of Attorney Piemonte's practice. (Dkt. 32-6). Mr. Piemonte's colleague, Ellen Moyle, attests to approximately 12 years of experience focused on Social Security disability matters. (Dkt. 32-7).

The hours spent in representing Jackson reflect the efficiency that such a focused subject matter practice can bring to handling these types of cases. There is no evidence that Jackson is unsatisfied with the efforts of the law firm. The nature of these cases makes a favorable result uncertain, yet the effort to achieve the result is a constant.

The Court also finds that the fee award does not constitute a windfall as the effective hourly rate of $1,055 (25,950/24.59) is reasonable given Attorney Piemonte and Moyle's experience, and the

risk associated with contingency fee practice (and the desirability of having attorneys willing to handle these cases on a contingency fee basis). *See Franklin P. v. Comm'r of Soc. Sec.,* 6:21-CV-162, 2022 WL 3371148 (N.D.N.Y. Aug. 16, 2022) (Hurd, J.) ($1,025.94 *de facto* hourly rate); *see also Eric K. v. Berryhill,* No. 5:15-cv-00845 (BKS), 2019 WL 1025791, *3 (N.D.N.Y. Mar. 4, 2019) (Sannes, J.) ($1,500 *de facto* hourly rate); *Kazanjian v. Astrue,* No. 09-CV-3678 (BMC), 2011 WL 2847439, *2 (E.D.N.Y. July 15, 2011) ($2,100 *de facto* hourly rate).

Finally, the Court denies the request for netting the EAJA fee from the final fee award, consistent with *Gisbrecht*, where the Supreme Court noted that Congress recognized that "[f]ee awards may be made under both [EAJA and 406(b)], but the claimant's attorney must 'refund to the claimant the amount of the smaller fee." 535 U.S. at 796; *see also Duane P. v. Bisignano*, 2025 WL 1707224 (S.D.N.Y. 2025)("netting" is disfavored, noting that an award under 406(b) is paid by the plaintiff and fees paid under EAJA are paid by the government); *Flynn v. Saul*, 2023 WL 2815120 (S.D.N.Y. 2023); *Johnson v. Kijakazi*, No. 20-CV-2630, *6, 2022 WL 17718336, at *6 (S.D.N.Y. Dec. 15, 2022) (noting that netting "ignores the express statutory directive that, 'where the

claimant's attorney receives fees for the same work under both [§ 406(b)] and [EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee.'") (quoting Pub. L. No. 99-80, § 3, 99 Stat. 186).

For the reasons set forth above, Jackson's motion is granted to the extent that her attorney, Martin, Jones & Piemonte, is awarded fees under 42 U.S.C. § 406(b)(1) in the amount of $32,065.75, to be paid out of Jackson's past due benefits, from the monies retained by the Commissioner for that purpose. Martin, Jones & Piemonte is directed, upon receipt of the §406(b) award, to refund Jackson the EAJA fees previously awarded, in the amount of $6,115.56.

**WHEREFORE**, it is hereby

**ORDERED**, that Martin Jones & Piemonte's motion is granted and the firm is awarded attorney's fees in the amount of $32,065.75, and it is further

**ORDERED**, that Martin Jones & Piemonte shall refund to Jackson any fees previously received under the EAJA, to wit, $6,115.56.

Dated: December 15, 2025.

                                              Hon. Mitchell J. Katz
                                              U.S. Magistrate Judge